Filed 8/28/14  P. v. Titterington CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075674 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F00178) |
| v. | |
| DENNIS EUGENE TITTERINGTON, | |
| Defendant and Appellant. | |

Defendant Dennis Eugene Titterington appeals from resentencing after remand, contending his credit award is deficient.  We agree and will modify the judgment.

**BACKGROUND**

A jury found defendant guilty of three counts of lewd and lascivious acts on a child under the age of 14 years (counts 1 through 3; Pen. Code, § 288, subd. (a)),[1] and

_____

[1] Further undesignated statutory references are to the Penal Code.

1

one count of oral copulation on a child under the age of 10 years (count 5; § 288.7, subd. (b)). (*People v. Titterington* (Aug. 20, 2013, C069994) [nonpub. opn.] slip. opn. p. 1.) The trial court sentenced him to an indeterminate term of 15 years to life on count 5, plus an aggregate determinate term of 12 years on counts 1 through 3. (*Id*. at p. 2.) On appeal, we reduced count 5 to a violation of section 288a, subdivision (c)(1) and remanded for resentencing on all counts. (*Id*. at pp. 3-7.) On remand, the trial court resentenced defendant to an aggregate term of 14 years in state prison. Defendant asked for 1,063 days of actual credit and 159 days of conduct credit. The People protested (incorrectly, as we discuss *post*) that defendant was only entitled to six additional days of actual credit and that anything more was "within the purview of the Department of Corrections to determine." The court awarded defendant an additional six days of actual custody credit for the time defendant had spent in local custody pending resentencing, adding the six days to the total of 310 days credited defendant at the time of his first sentencing, for a total of 316 days of actual credit.[2] Defendant timely appeals.

## DISCUSSION

Defendant contends he is entitled to additional *actual* custody credit for the time period between his original sentencing and resentencing after remand, as required by *People v. Buckhalter* (2001) 26 Cal.4th 20 (*Buckhalter*). The People agree, and so do we. Defendant adds that he *was* entitled to the additional six days of conduct credit appearing in the abstract of judgment. The People disagree, as do we.

A defendant "sentenced to prison for criminal conduct is entitled to credit against his term for all actual days of confinement solely attributable to the same conduct."

_____

[2] The resulting abstract of judgment reflects the six additional actual credit days ordered as well as six additional *conduct* credit days (despite the fact that the court did not orally order conduct credit) for a total of 52 days of conduct credit (46 original plus 6 at resentencing).

(*Buckhalter*, *supra*, 26 Cal.4th at p. 30.)  When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must also calculate the actual time the defendant has already served and credit that time against the " 'subsequent sentence.' "  (*Id*. at p. 23.)  "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."  (§ 2900.1.)

However, a defendant is *not* entitled to presentence *conduct* credit for the time spent in county jail awaiting the remand hearing.  (*Buckhalter*, *supra*, 26 Cal.4th at p. 40.)  Thus "under section 2900.1, the trial court, having modified defendant's sentence, should have determined all *actual* days defendant had spent in custody, whether in jail or prison, and awarded such credits in the new abstract of judgment."  (*Id*. at p. 41, emphasis added.)

Defendant is entitled to an award of actual custody credit for the period of his incarceration between his original sentencing hearing and resentencing.  The parties agree that the correct number is 1063 actual days.  We will modify the judgment (§ 1260) to reflect 1063 days of actual custody credit.  We will also remove the additional six days of conduct credit, added to the abstract in the absence of oral order (see fn. 2, *ante*) and contrary to legal authority, as we have described.

These modifications result in a credit award of 1063 actual and 46 conduct credit days.  We order the abstract amended accordingly.

Defendant also notes two errors in the amended abstract of judgment:  (1) the hearing date is incorrectly listed as November 18, 2011, when it should show the correct date of December 10, 2013; and (2) count 5 is misidentified as a violation of section 288.7, subdivision (b), when it should show a violation of section 288a,

subdivision (c)(1).  The People agree those errors require correction.  We order those corrections made.

## DISPOSITION

The judgment is modified to award custody credits as described in this opinion and otherwise affirmed.  The trial court is directed to prepare an amended and corrected abstract of judgment as described in this opinion and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.


       DUARTE       , J.


We concur:


      BUTZ       , Acting P. J.


      MAURO      , J.